**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN FOSTER,<br><br>            Petitioner,<br><br>    v.<br><br>THE STATE OF NEW JERSEY,<br><br>            Respondent. | Civil Action No. 22-1705 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), which seeks to challenge his ongoing state court criminal proceedings. As Petitioner has paid the applicable filing fee, this Court is required to screen Petitioner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice and deny Petitioner a certificate of appealability.

**I.    BACKGROUND**

Petitioner is a state pre-trial detainee currently held in the Atlantic County jail on state criminal charges. (ECF No. 1 at 1.) In his petition, Petitioner asserts that he has been detained on theft charges which he believes are untimely under state law. (ECF No. 1 at 7-8.) Petitioner also

argues that he was improperly taken back into custody on a warrant from the judge in his criminal case after he refused to provide court ordered fingerprints following his release on bail. (*Id.*) Petitioner also seeks to challenge his bail amount, and seeks to raise a claim against his criminal attorney arising out of disputes between the two related to his criminal proceedings. (*Id* at 8-9.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

In this matter, Petitioner seeks to raise constitutional and state law challenges to his ongoing state court criminal proceedings in this Court without first completing his state proceedings. Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that

jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit has therefore held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. In the absence of extraordinary circumstances, which do not include the premature litigation of defenses such as Petitioner's statute of limitations, improper arrest, and ineffective assistance claims, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.* This Court is likewise required to refrain from hearing bail challenges such as Petitioner's challenge to his bail amount and detention warrants unless Petitioner has fully exhausted his claims and shows a special showing of need. *Duran*, 393 F. App'x at 4-5.

In this matter, Petitioner seeks to prematurely litigate several defenses to his criminal charges in this Court before concluding his criminal proceedings before the state courts. He likewise seeks to challenge his criminal detention and bail amount without having first raised those claims to all three levels of the New Jersey Court system. As it is clear that Petitioner has not yet exhausted his claims, and as Petitioner utterly fails to make any special showing of need for this Court's intervention in his ongoing criminal proceedings, this Court must refrain from hearing his claims. *See Duran*, 393 F. App'x at 4-5; *see also Moore*, 515 F.2d at 449. Petitioner's habeas petition shall therefore be dismissed without prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Because Petitioner's habeas challenges his detention which "arises out of process issued by a State court," he may not appeal the dismissal of his habeas petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

4

## V.     CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and Petitioner is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge
